IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


LAFAYETTE CADE,

              Plaintiff,                        1:08 cv 00183 AWI YNP GSA (PC)

    vs.                                   FINDINGS AND RECOMMENDATION


STATE OF CALIFORNIA, et al.,

              Defendants.


Plaintiff is a former state prisoner proceeding pro se.   While incarcerated, Plaintiff filed a federal civil action seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action correctional officials employed by the CDCR at Corcoran State Prison.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of

his confinement.   All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted.   Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are: <u>Cade v. Hubbard</u>, 1:05 cv 00834 AWI LJO (PC); <u>Cade v. Yates</u>, 1:04 cv 06979 OWW LJO (PC); <u>Cade v Woodford</u>, 1:06 cv 00060 OWW SMS (PC).

In his complaint, Plaintiff alleges that the he had been denied adequate access to the law library.  Plaintiff fails to allege any facts indicating that he was in imminent danger of serious injury.

Accordingly, on August 17, 2009,  Plaintiff was ordered to show cause, within thirty days, why he should not be denied leave to proceed in forma pauperis and directed to pay the filing fee in full.  The thirty day period has expired, and Plaintiff has failed to respond to the order to show cause.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).

2.  Plaintiff be directed to pay the $350 filing in full.  Plaintiff's failure to do so will result in dismissal pursuant to Local Rule 11-110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

1    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2

3

4         IT IS SO ORDERED.

5    **Dated:**   **September 22, 2009**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26